

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSE DANNIEL RAMIREZ,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 15-129-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Jose D. Ramirez's application for writ of habeas corpus under 28 U.S.C. § 2254. Ramirez is a state prisoner proceeding pro se.

On January 11, 2016, Ramirez was ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted. (Doc. 7). Ramirez timely responded. (Doc. 8).

**I. Background**

Mr. Ramirez pled guilty to Driving Under the Influence and Assault on a Peace Officer in Montana's Twentieth Judicial District, Sanders County. Ramirez received a sentence of 10 years with 5 years suspended. Pet. (Doc. 1 at 3, ¶ 4). Sentence was imposed on December 13, 2011. Ramirez's conviction became final

1

on February 28, 2012. *See* Mont. R. App. P. 4(5) (b) (i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Although Ramirez later lodged a complaint against his attorney with the Office of Disciplinary Counsel, he did not pursue a direct appeal. Likewise, Ramirez filed various post-sentencing motions with the trial court, but he did not pursue postconviction relief. It is undisputed that Ramirez failed to present his claims for review in the State courts.

Ramirez was required to file his federal petition in this Court on or before February 28, 2013. He did not file his federal petition until October 5, 2015, more than two and a half years too late. *See* 28 U.S.C. § 2244(d)(1).

In his response to the Order to Show Cause, Ramirez asserts that he suffers from mental illnesses and an accompanying seizure disorder. (Doc. 8 at 1-2). Ramirez cites various provisions from the Montana Code and argues that had the state courts adequately investigated his disabilities he would not be time-barred. *Id.* at 3. Ramirez also contends that this failure to investigate undermines the confidence of the state proceedings. *Id.*

## II. Analysis

For the reasons discussed below, the Court recommends that Ramirez's petition be dismissed with prejudice as it is both procedurally defaulted and time-barred.

## A. Statute of Limitations

It is undisputed that Ramirez's petition has been filed well outside of the AEDPA one-year filing period. Because Ramirez does not argue he is eligible for statutory tolling, in order to proceed he must demonstrate he is entitled to equitable tolling. *See Raspberry v. Garcia*, 448 F. 3d 1150, 1153 (9th Cir. 2006). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

To excuse his untimely filing Ramirez argues that his mental illness and seizure disorder prevented him from following the requisite procedures. Ramirez also believes the state courts should have recognized his mental health issues and assisted him. (Doc. 8 at 1-2). Ramirez seems to argue that the expiration of the federal filing period is the fault of the state trial court. *Id.* at 3.

The exact nature and etiology of Ramirez's mental health issues is somewhat varied in the documents presented to the Court. At the time of his sentencing, Ramirez disclosed to the presentence officer that he suffers from PTSD and a seizure disorder. (Doc. 12-1 at 10-11). He also explained that he had a frontal lobe injury and a cognitive disorder. *Id.* at 11. A review of Ramirez's social security records in preparation of his sentencing confirmed:

> [A] history of frontal lobe injury and seizures. He also has a history of drug abuse and is diagnosed with alcohol dependence, binge pattern. He has notable memory and higher-order cognitive difficulties in the context of preexisting and attentional verbal processing problems. He has complicated neuropsychological impairment with poor attention, uneven maintenance of his cognitive set, and poor executive control.

*Id.* At other places in the record, Ramirez claims that he also suffers from bi-polar disorder, anxiety, and dyslexia. *See, e.g.* Doc. 11-14 at 79-80. Ramirez has not demonstrated exactly how these impairments prevented him from reading, writing, or understanding the legal requirements or procedures he should have followed in state court.

To the contrary, the record establishes that Ramirez filed numerous pleadings and motions in the trial court seeking post-trial relief. He also filed a complaint with the Office of Disciplinary Counsel and, when his claim was denied, Ramirez filed an appeal therefrom. (Doc. 12-2 at 1-18; 152-160). The record reveals that on March 23, 2012, Ramirez was advised he had one year from the date of his sentencing to seek to withdraw his plea and that individuals at the prison law library could provide him assistance with filing a motion. (Docs. 11-14- at 40; 12-2 at 61). On March 26, 2012, Ramirez was given information regarding sentence review and again offered assistance. (Docs. 11-14 at 41; 12-2 at 62). Apparently, Ramirez chose to forego either avenue and, instead, elected to continue filing post-sentencing motions with the trial court. *See e.g.* (Docs. 11-8, 11-9, 11-10, 11-11, 11-12, 11-13, 11-14, 11-15, 11-16, 11-17, 11-18, and 11-19).

4

Ramirez has not demonstrated an extraordinary circumstance prevented him from timely filing for federal habeas relief. Examples of extraordinary circumstances of equitable tolling on the basis of mental incompetence include: "an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F. 3d 935, 938 (9th Cir. 2015), citing *Bills v. Clark*, 628 F. 3d 1092, 1100 (9th Cir. 2010). "The petitioner must [also] show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id*. Ramirez has not met this standard.

At a minimum, it is known that the trial court found him to be competent and capable of entering a plea to the offenses of DUI and Assault on an Officer. Additionally, Ramirez was able to file various motions and pleadings post-sentencing in the trial court and lodge a complaint and an appeal against his attorney during the time for which he seeks equitable tolling. Thus, there is reason to believe he was capable of filing a federal petition during this same time. *See Roberts v. Marshall*, 627 F. 3d 768, 773 (9th Cir. 2010); see also *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir.2005)("because [Gaston] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was

capable of preparing and filing a [federal] petition during the [same time]"). Based on the record before this Court, Ramirez has not established exceptional circumstances that would warrant equitable tolling to set aside the time bar.

**B. Exhaustion/Procedural Default**

A state prisoner must exhaust all state court remedies before a federal court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding. Because Ramirez did not fairly present his federal claims to the Montana Supreme Court, his claims are unexhausted.

6

A procedural bar also exists if a claim was not presented in the state court and no state remedies remain available to petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose*, 455 U.S. at 519-20. As previously explained to Ramirez, this Court may review his procedurally defaulted claims only if he is able to demonstrate either cause for the default and actual prejudice to excuse, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Ramirez does not argue that he is actually innocent, rather, he seems to argue cause and prejudice to excuse the default. That is, Ramirez believes his disability coupled with the errors of the state court "are serious enough to undermine the confidence of the proceeding." (Doc. 8 at 3). As set forth above, however, the Court finds Ramirez's argument that his mental health issues prevented him from raising claims in the state court unavailing. It does not constitute "some objective factor external to the defense" which prevented his claims. *Cook v. Schriro*, 538 F. 3d 1000, 1027 (9th Cir. 2008)(*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Ramirez was able to file many documents pro se as set forth above. Additionally, he was advised of post-sentencing mechanisms available to him, including withdrawing his guilty plea and applying for sentence review and

7

timeframes operating for both procedures, and was even offered assistance in doing so. *See*, (Doc. 11-14 at 40-41; 12-2 at 61-2). Apparently, Ramirez chose not to pursue either procedure or to avail himself of offered assistance. This, however, does not excuse the default. Generally, "a pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains, 'able to apply for postconviction relief to a state court.'" *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012), quoting *Hughes v. Idaho State Bd. of Corr.*, 800 F. 2d 905, 909 (9th Cir. 1986). Ramirez has not made a conclusive showing that due to his mental health issues he was unable to appreciate his position or make rational decisions regarding how to proceed post-sentencing. He has demonstrated neither cause nor prejudice to excuse the default.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

8

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ramirez has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Ramirez's petition (Doc. 1) should be DISMISSED with prejudice as time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ramirez may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ramirez must immediately notify the Court of any change in his mailing</u>

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of March, 2016.

_/s/ Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge