FILED

JUN 01 2016

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSE DANNIEL RAMIREZ,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, STATE OF MONTANA, et al.,<br><br>Respondents. | Cause No. CV 15-129-M-DLC-JCL<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Jose D. Ramirez's application for writ of habeas corpus under 28 U.S.C. § 2254. Ramirez is a state prisoner proceeding pro se.

On January 11, 2016, Ramirez was ordered to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted. (Doc. 7). Ramirez timely responded. (Doc. 8). This Court subsequently recommended that Ramirez's petition be dismissed as time-barred and procedurally defaulted. (Doc. 13).

On May 31, 2016, the Court received a Notice from Mr. Ramirez requesting a ruling on a Motion he believed to have been filed on March 23, 2016, relating to missing documents. *See*, (Doc. 16). The Court then realized that the motion to which Mr. Ramirez referred had inadvertently been misfiled. The docket has been

1

corrected and the Motion which Mr. Ramirez signed on March 23, 2016, has been added to the docket. *See*, (Doc. 15).

In this Motion, Mr. Ramirez requests that this Court order the State to file additional exhibits into the record. *Id*. Several of the exhibits are reflected in the Case Register Report (doc. 11-1) that has been filed in this matter. Specifically, Mr. Ramirez references a Motion to Dismiss Felony Charges Due to Invalid Prior Convictions;[1] an Acknowledgement of Rights and Plea Agreement dated June 23, 2011;[2] an Amended Acknowledgment of Rights and Plea Agreement dated September 27, 2011;[3] a "questionable" investigation and medical screening dated September 13, 2011;[4] and documents pertaining to an out of county warrant.[5] Ramirez also references various post-sentencing documents, including: a writ filed April 14, 2012,[6] a "Motion Order Request for Docs" filed August 2, 2012,[7] an "Affidavit of Acknowledgment,"[8] and a February 7, 2013, Motion for Credit for Presentence Incarceration.[9] There are several documents that Mr. Ramirez

---

[1] *See* (Doc. 11-1 at 2, Doc. Seq. 20).
[2] There is no corresponding document filed on this date. *See,* (Doc. 11-1 at 2). There is, however, an Acknowledgment of Rights and Plea agreement filed July 12, 2011, that is already a part of the record. *See*, (Doc. 11-3).
[3] There is no document corresponding to this date. *See*, (Doc. 11-1 at 2). There was an Amended Acknowledgment of Rights and Plea Agreement filed on November 21, 2011, that is already part of the record. *See*, (Doc. 11-5).
[4] It appears that Mr. Ramirez is referring to the "Health" and "Psychological Information" portions of his Presentence Investigation Report. *See*, (Doc. 12-1 at 11). The Presentence Investigation is part of the record in this matter.
[5] *See*, (Doc. 11-1 at 2, Doc. Seq. 42).
[6] There is no such document reflected in the state court register. *See*, (Doc. 11-1 at 3).
[7] This document is reflected in the case register, although it appears to have been filed filed on August 10, 2012. (Doc. 11-1 at 3, Doc. Seq. 56). The motion was denied on August 31, 2012. *Id*. at Doc. Seq. 58.
[8] *See*, (Doc. 11-1 at 3, Doc. Seq. 59).
[9] *See*, (Doc. 11-1 at 3, Doc. Seq. 60), reflecting the motion was granted on March 26, 2013.

references and requests be filed that are not part of the docket in his criminal case, these include: an exhibit from his Social Security case dated January 7, 2010, and various letters submitted on his behalf relating to "community recommendation support." (Doc. 15 at 1; 3).

The Court has reexamined its previous Findings and Recommendations in light of Ramirez's filing. As set forth above, many of the documents to which Ramirez refers are already part of the record in this case and were reviewed during the prescreening of this case. In relation to the remaining documents, the Court is not persuaded that they are pertinent. Thus, even if the State did have access to these documents, there is no need for them to be filed. Ramirez has not presented anything that would cause the Court to alter its previous analysis. There is no exceptional circumstance to warrant equitable tolling to set aside the time bar and Ramirez has not demonstrated the requisite cause and prejudice to excuse his default. The petition should be dismissed.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ramirez has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Ramirez's petition (Doc. 1) should be DISMISSED with prejudice as time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ramirez may object to this Findings and Recommendation within 14 days.[10] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[10] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

4

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ramirez must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 1st day of June, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge