IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| JOSE DANNIEL RAMIREZ, | CV 15–129–M–DLC–JCL |
| Petitioner, | ORDER |
| vs. | |
| LEROY KIRKEGARD, STATE OF MONTANA, et al., | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on March 30, 2016, recommending dismissal of Petitioner Jose D. Ramirez's ("Ramirez") application for writ of habeas corpus under 28 U.S.C. § 2254.[1] Ramirez timely filed objections and is therefore entitled

---

[1] On June 1, 2016, Judge Lynch issued supplemental Findings and Recommendations (Doc. 17) explaining that on the previous day, the Court received "Notice" from Ramirez requesting a ruling on a previous motion filed on March 23, 2016 (Doc. 15 ("Motion re Missing Documents")). This motion requested that Respondents produce various documents which Ramirez argued needed to be added to the record. Apparently, this motion had been misfiled and Judge Lynch had not had the opportunity to review it before issuing the Findings and Recommendations. However, as explained in the supplemental Findings and Recommendations, Judge Lynch found that these documents were either already in the record or were not pertinent to the Court's analysis. Accordingly, because these document would not affect the Court's analysis in the previous Findings and Recommendations, Judge Lynch recommended that Ramirez's motion for missing documents be denied. This Court has reviewed Ramirez's motion and agrees with the supplemental Findings and Recommendations. As such, the Court will adopt the recommendation and deny Ramirez's motion.

to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The objections, though hard to follow, attempt to rebut Judge Lynch's conclusion that Ramirez's mental health issues do not excuse his untimely and procedurally defaulted habeas petition because he was able to file multiple pro se documents in the past. In his objections, Ramirez appears to argue that he has pursued his rights diligently—despite his mental health issues—and thus his disabilities qualify as an extraordinary circumstance. The Court disagrees.

First, as stated by Judge Lynch, the mere presence of a mental disability does not absolve a pro se petitioner from the obligation to timely file for federal habeas relief. *See Orthel v. Yates*, 795 F. 3d 935, 938 (9th Cir. 2015) (stating petitioner must show "that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance"). Second, the Court agrees with Judge Lynch that

Ramirez's multiple post-trial filings, such as the complaint filed with the Office of Disciplinary Counsel, show that his mental health issues cannot establish cause for procedural default. *See Schneider v. McDaniel*, 674 F.3d 1144, 1154–1155 (9th Cir. 2012) (finding that a pro se prisoner's mental condition cannot serve as cause for a procedural default when the prisoner was able to file for post-trial relief). Ramirez's petition must thus be dismissed as time-barred and procedurally defaulted.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendations for clear error and, finding none,[2]

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Docs. 13, 17) are ADOPTED IN FULL.

(2) Ramirez's Petition (Doc. 1) is DISMISSED with prejudice as time-barred and procedurally defaulted.

(3) Ramirez's Motion for Missing Documents (Doc. 15) is DENIED.

(4) Ramirez's Motion Questioning Decisions (Doc. 18) is DENIED as moot.

---

[2] Additionally, Ramirez has filed a document (Doc. 18) where he is apparently moving the Court to provide an explanation for why he never received notice that his motion for missing documents was incorrectly filed. The Court finds that the supplemental Findings and Recommendations provide both notice and an explanation and will deny this motion as moot.

(4) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(5) A certificate of appealability is DENIED

DATED this 27th day of June, 2016.

                                                Dana L. Christensen, Chief Judge
                                                United States District Court